UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F<span>ATHIREE</span> A<span>LI</span>,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                                          Case No. 1:18-cv-1201

J<span>OHANNA</span> B<span>ETTS</span>, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Enforce Settlement Agreement. (ECF No. 36). Plaintiff initiated this action on October 12, 2018, alleging numerous violations of his rights. The parties subsequently agreed to settle the matter and the matter was dismissed. (ECF No. 26-27). Alleging that Defendants are not complying with the terms of their settlement agreement, Plaintiff now moves the Court to enforce its terms. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), the Court held that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. Absent an independent jurisdictional basis, a federal district court possesses jurisdiction to enforce a settlement agreement only where: (1) the order of dismissal

indicates that the court retains jurisdiction over the matter, or (2) the terms of the settlement agreement are incorporated into the order of dismissal. *See Hehl v. City of Avon Lake*, 90 Fed. Appx. 797, 801 (6th Cir., Jan. 20, 2004).

An independent basis to exercise jurisdiction over Plaintiff's motion is not present. Diversity of citizenship does not exist, and Plaintiff seeks merely to enforce the contract into which he and Defendants entered which is a matter of state law. Moreover, the Court did not retain jurisdiction to resolve disputes concerning the settlement agreement. The Order dismissing this matter neither provides for the Court to retain jurisdiction nor incorporates the terms of the settlement agreement. (ECF No. 27). Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 36) be denied. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                        Respectfully submitted,

Date: December 17, 2021          /s/ Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge