UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE ALI,

    Plaintiff,

v.

JOHANNA BETTS, et al.,

    Defendants.

_____/

Case No. 1:18-cv-1201

HON. JANET T. NEFF

## OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  In 2019, the parties reached a settlement agreement through the Pro Se Prisoner Civil Rights Litigation Early Mediation Program.  After receiving the amended mediation report on June 3, 2019 (ECF No. 26), this Court issued an order dismissing the case (ECF No. 27).  On November 4, 2021, Plaintiff filed a Motion to Enforce the Settlement Agreement (ECF No. 36).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that Plaintiff's motion be denied (ECF No. 38).  The matter is presently before the Court on Plaintiff's objections to the R & R (ECF No. 39) and "Plaintiff's Request for Immediate Consideration for Temporary Injunction to Preserve Status Quo of Property Under Settlement Agreement Terms" (ECF No. 40).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

This issue before the Court is whether the Court has jurisdiction to enforce the settlement agreement.  As the Magistrate Judge correctly stated, "[a]bsent an independent jurisdictional basis, a federal district court possesses jurisdiction to enforce a settlement agreement only where: (1) the order of dismissal indicates that the court retains jurisdiction over the matter, or (2) the terms of the settlement agreement are incorporated into the order of dismissal" (ECF No. 38 at PageID.185-186, citing *Hehl v. City of Avon Lake*, 90 F. App'x 797, 801 (6th Cir. Jan. 20, 2004)).  Plaintiff does not argue that an independent jurisdictional basis exists.  Nor does he argue that the order of dismissal indicated that the Court retained jurisdiction or that the terms of the settlement agreement were incorporated into the order of dismissal.

Plaintiff, instead, points to the "Mediation Protocol," which states that if the case settles, the terms of the settlement agreement will be placed on the record and the Court will retain full authority to monitor the settlement agreement (ECF No. 13).  The problem for Plaintiff is that the terms of the settlement agreement were not part of the record at the time the case was dismissed.  Plaintiff could have filed a motion to correct this oversight but chose not to do so.  The Supreme Court has held that when one party alleges that another party breached a settlement agreement, ancillary jurisdiction over the breach of contract claim exists only if the settlement agreement had been made part of the order of dismissal.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 387 (1994).  The settlement agreement was not made part of the order of dismissal in this case.  Accordingly, the Court does not have jurisdiction over Plaintiff's breach of contract claim.[1]  In sum, Plaintiff fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

---

[1] The Court notes that Plaintiff is not without recourse.  He may still be able to file a breach of contract claim in the state courts.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 39) are **DENIED** and the Report and Recommendation of the Magistrate Judge (ECF No. 38) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce the Settlement Agreement (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiff's Request for Immediate Consideration for Temporary Injunction to Preserve Status Quo of Property Under Settlement Agreement Terms" (ECF No. 40) is **DENIED** as moot.

For the same reasons the Court denies Plaintiff's motions, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

Dated:  May 6, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　／s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge